C. Todd Norris, SBN 181337
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile . 415.352.2701
E-mail: todd.norris@bullivant.com

Stephen R. Risley
(Admitted Pro Hac Vice)
SMITH RISLEY TEMPEL SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: 770-709-0022
Email: srisley@srtslaw.com

Michael T. Smith
Richard L. Sizemore
(Admitted Pro Hac Vice)
LOGAN, JOLLY, & SMITH, L.L.P.
1805 North Boulevard
Anderson, S.C. 29621
Telephone: (864) 226-1910
Email: msmith@loganjollysmith.com
Email: sizemore@loganjollysmith.com

Attorneys for Plaintiff and Counter-Defendant TECHSHELL, INC.

Brian E. Mitchell (SBN 199095)
Jigang Jin (SBN 239465)
MITCHELL + COMPANY, LAW OFFICES
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3515
Facsimile: (415) 402-0058
Email: brian.mitchel@mcolawoffices.com

Brandon Baum (SBN 121318)
BAUM LEGAL
149 Commonwealth Drive
Menlo Park, CA 94025
Phone: (650) 924-1032
Fax: (650) 561-8410 brandon@baumlegal.com

Attorneys for Defendants and Counterclaimants INCASE DESIGNS, INC., BEST BUY CO. INC. BESTBUY.COM LLC and BEST BUY STORES LP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

TECHSHELL, INC.,

Plaintiff,

v.

INCASE DESIGNS, INC. et al,

Defendants.

**Case No. 3:11-cv-04576-YGR**

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT [F.R.C.P. 26(f)]**

Date: February 8, 2012
Time: 2:00 p.m.
Courtroom:
Judge: Hon. Gonzalez Rogers

Plaintiff and Counter-Defendant Techshell Inc. (hereinafter referred to as "Techshell" or "Plaintiff") and Defendants and Counterclaimants Incase Designs Inc. (herein after referred to as "Incase"), Best Buy Company Inc., BestBuy.com LLC and Best Buy Stores LP (collectively referred to as the "Best Buy Defendants") submit this Joint Case Management Conference ("CMC") Statement pursuant to the Reassignment Order issued by the Court on January 18, 2012. The present CMC Statement responds to the specific information requested in the Court's Reassignment Order and serves to supplement the Initial Joint CMC Statement that was submitted by the Parties on December 28, 2011. *See* Dkt. Entry No. 36.

1. **Date case was filed:**

On April 5, 2011, Techshell filed suit against Incase for patent infringement in the Pensacola Division of the Northern District of Florida. On May 19, 2011, Techshell also filed suit against the Best Buy Defendants. Defendants subsequently filed a motion to consolidate the two lawsuits and a motion to transfer venue to the Northern District of California. On September 7, 2011, the Northern District of Florida granted Defendants' motion to transfer, transferred the consolidated lawsuits to this Court, and immediately closed the Florida case(s). The case file was then reopened and the case was docketed one week later on September 15, 2011.

2. **List or description of all parties:**

Techshell Inc. – Plaintiff and Counter-Defendant

Incase Designs Corporation – Defendant and Counterclaimant

Best Buy Company, Inc. – Defendant

BestBuy.com LLC – Defendant

Best Buy Stores L.P. – Defendant

3. **List of all current deadlines, including those for dispositive motions, pretrial conferences, discovery cutoff (both fact and expert) and trial date:**

In accordance with the Clerk's Notice issued on January 19, 2012, and the Patent Local Rules, the following is a list of upcoming deadlines:



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

| EVENT | DATE |
| --- | --- |
| Case Management Conference | February 8, 2012 |
| Invalidity Contentions [Patent L.R. 3-3] Document Production Accompanying Invalidity Contentions [Patent L.R. 3-4] | March 5, 2012 |
| Exchange of Proposed Terms and Claim Elements for Construction [Patent L.R. 4-1] | March 19, 2012 |
| Last day for parties to amend pleadings | March 30, 2012 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence [Patent L.R. 4-2] | April 9, 2012 |
| Joint Claim Construction and Pre-Hearing Statement [Patent L.R. 4-3] | May 4, 2012 |
| Completion of Claim Construction Discovery [Patent L.R. 4-4] | June 4, 2012 |
| Opening Claim Construction Briefs [Patent L.R. 4-5(a)] | June 18, 2012 |
| Responsive Claim Construction Briefs [Patent L.R. 4-5(b)] | July 2, 2012 |
| Reply Claim Construction Briefs [Patent L.R. 4-5(c)] | July 9, 2012 |
| Claim Construction Hearing, subject to the Court's availability [Patent L.R. 4-6] | July 23, 2012 |
| Close of Fact Discovery | October 12, 2012 |
| Last Day to Serve Opening Expert Reports on Matters for Which a Party Has the Burden of Proof | November 12, 2012 |
| Last Day to Serve Rebuttal Expert Reports | November 26, 2012 |
| Last Day for Expert Discovery | January 11, 2013 |



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

| | |
|---|---|
| Last Day to Serve Motions for Summary Judgment | February 11, 2013 |
| Dispositive Motions to Be Heard By | April 2, 2013 |
| Pretrial Conference | June 21, 2013 at 9:00 a.m. |
| Trial | July 8, 2013 at 8:30 a.m. |

In addition, Techshell's motion to retransfer the case to the Northern District of Florida is set for hearing on February 23, 2012.

At the prior Case Management Conference, Judge Wilkin consolidated claim construction briefing with briefing on dispositive motions. Specifically:

| Event | Date / Time |
|---|---|
| Plaintiff's claim construction/summary judgment motion due | February 7, 2013 |
| Defendants' opposition/cross motion (contained within a single brief) due | February 28, 2013 |
| Plaintiff's reply/opposition to cross motion (contained within a single brief) due | March 14, 2013 |
| Defendants' reply due | March 21, 2013 |

Defendants believe that this consolidated briefing schedule makes sense in this case given the nature of the issues involved, and propose keeping it in place. Techshell disagrees with the consolidated briefings schedule because it deviates from the deadlines imposed under the Local Patent Rules of this Court.

Techshell understands that the issue of infringement will be resolved as a matter of law when the Court construes the meaning of the terms "elastic" and "elastic plastic" as a matter of law. Defendants do not think the issue of infringement will be resolved even if the Court construes the meaning of the terms "elastic" and "elastic plastic."

4. **List of all pending motions and status of briefing:**

Two motions are currently pending before this Court. The first is Techshell's Motion to Retransfer the Case back to the United States District Court for the Northern District of Florida.



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

*See* Dkt. Entry No. 40. The Defendants oppose this motion and filed their Opposition Brief on January 17, 2012. *See* Dkt. Entry No. 49. Techshell filed its Reply Brief on January 24, 2012. *See* Dkt. Entry No. 53.

The second is Techshell's Motion to Stay Motion this case pending the Court's ruling on Techshell's Motion to Retransfer. *See* Dkt. Entry No. 43. The Defendants also oppose this motion and filed their Opposition Brief on January 17, 2012. *See* Dkt. Entry No. 50. Techshell did not file a reply brief.

5. **Brief description of the event underlying the action:**

a. **Techshell's brief description of the event underlying the action**

This is an action for patent infringement. Techshell is a Florida company that was founded by the inventor of the two patents-in-suit, Mr. Haile Bekele. Mr. Bekele saw the need for protective covers for laptop computers and developed his patented invention in the 2005-2006 timeframe. Mr. Bekele and Techshell filed a provisional patent application for a protective cover for a laptop computer on April 21, 2006. Mr. Bekele and Techshell presently hold two patents for protective covers for a laptop computer, U.S. Patent Nos. 7,643,274 and 7,907,400 (the "patents-in-suit"). Techshell alleges that, in 2006, it became the first company to offer for sale and sell a protective cover for a laptop computer. Since 2006, Techshell has been and continues to offer for sale and sell protective covers for laptop computers. After Techshell's 2006 product launch, Techshell alleges that third parties, including the Defendants, began to offer for sale and sell knock-off protective covers.

b. **Defendants' description of the event underlying the action**

This is an action for patent infringement alleging that Incase's two piece "snap-on" plastic covers for MacBook Pro laptops infringe the two related patents-in-suit. Incase is a global leader in the design, development, manufacture, and sale of carrying cases and bags for consumer electronics, such as Apple products, like the iPad and the Apple MacBook Pro Laptop (*see* http://goincase.com ). Its products are known for creative design, and the company often incorporates the work of well-known artists (with permission) into its products. (*See e.g.* http://goincase.com/collections/andy-warhol ). Incase is also known for having created the first



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

case for an Apple iPod and its San Francisco office on Mission Street is a short walk from the downtown Apple store. The majority of its employees, including its CEO, work in its San Francisco office on Mission Street, and all of its remaining business operations take place in California.

Bestbuy.com LLC and Best Buy Stores LP retail the accused Incase covers, on-line and in physical stores, respectively. Best Buy Company Incorporated is a parent corporation, which does not sell the accused products and, as such, asserts that it is not a proper party to the litigation.

Defendants deny infringement, and assert that the patents-in-suit are invalid based on, among other things, prior art "snap-on" covers for cell phones and Dell laptops, which were on sale prior to the alleged date of invention for these patents.

6. **Summary of all claims, counterclaims, crossclaims, and third party claims:**

Techshell asserts that the Defendants have and continue to infringe the two patents-in-suit by Defendants' manufacture, use, importation, sale, and/or offering for sale of protective covers for laptop computers.

Defendants, on the other hand, contend that they have not and do not infringe any valid claim of the patents-in-suit and that all claims of the patents-in-suit are invalid. Defendant Incase also filed two counterclaims. One counterclaim seeks a declaratory judgment that the two patents-in-suit are not infringed by Incase. The second counterclaim seeks a declaratory judgment that the two patents-in-suit are invalid.

7. **List and description of relief sought and damages claimed with an explanation as to how damages are computed:**

**A. Techshell**

In accordance with 35 U.S.C. §283, Techshell seeks a permanent injunction to stop the Defendants' ongoing willful infringement of the two patents-in-suit. In accordance with 35 U.S.C. §284, Techshell seeks damages adequate to compensate Techshell for Defendants' past and present infringement of the two patents-in-suit. In accordance with 35 U.S.C. §284, Techshell also seeks treble damages. In accordance with 35 U.S.C. §285, Techshell further



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

seeks its attorneys' fees and costs. Techshell also seeks prejudgment interest. In the event the Court does not issue a permanent injunction against the Defendants, Techshell also may seek an on-going royalty for Defendants' post-judgment infringement of the two patents-in-suit.

Before Techshell can specify the amount of damages it seeks from each Defendant, Techshell needs discovery from the Defendants (and also to consult a financial expert) in order to discover *inter alia* Defendants' total sales, revenues, profits, and profit margins. In an effort to obtain this information, Techshell served discovery on the Best Buy Defendants in July 2011 (while the case was pending in Florida). After the case was transferred and discovery began in California, Techshell served discovery on Incase and, at the request of Defendants' counsel, re-served the written discovery on the Best Buy Defendants. The deadline for Incase to respond to the first discovery requests is February 8, 2012 and the second discovery requests is February 13, 2012. The deadline for Best Buy to respond is February 13, 2012. In addition to serving and re-serving written discovery, Techshell also noticed the Rule 30(b)(6) depositions of Incase and the Best Buy Defendants. The deposition of Incase is currently noticed for February 23, 2012. The depositions of the Best Buy Defendants, which were previously noticed in July 2011, are now noticed for February 28-March 1, 2012. Defendants have not agreed to the noticed times, dates, and locations for these depositions.

Techshell likely will seek lost profits-based damages, reasonable royalty-based damages, or a combination thereof. To date, Techshell has entered into five license agreements that set forth confidential lump sum payments and/or royalty rates. Under Fed. R. Evid. 408, Techshell previously produced these license agreements to Defendants' counsel.

**B. Defendants**

Defendants dispute that Techshell cannot articulate a basis for a damages claim or provide the Court with estimated damages calculations at this time. Techshell must have a basis for determining damages, if any, given that it has sued fifteen companies in the last eighteen months, and settled with seven for undisclosed sums. But, absence any guidance from Techshell as to the specifics of its damages theories or its estimated damages amounts, Defendants nevertheless contend damages should be calculated - if liability is established - as follows:



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

Defendants assert that the proper measure of recovery for Techshell if liability is found will be a reasonable royalty based on Incase's revenue on a per-unit sale. No additional royalty is due from Best Buy because Techshell's "claims against Best Buy are completely dependent on the success of Techshell's claims against Incase, and Best Buy stores merely distribute the allegedly infringing product." *See* Order Granting Motion to Transfer, Dkt. Entry No. 23, at n 1. In other words, Defendants assert that Techshell is not entitled to a double recovery.

While the number will undoubtedly vary based on discovery and expert testimony, and the damages theories and calculations that Techshell ultimately discloses, Defendants' outside counsel calculates **total damages to be in the low six figures**. This initial calculation takes a number of factors into account, which include:

- Due to a failure to mark its product with a patent number, any damages recovery would not begin until the date that suit was filed (April 5, 2011) pursuant to 35 U.S.C. § 287(a);
- Sales of the accused two-piece snap-on plastic covers for Apple MacBook Pro laptops have been relatively modest;
- The cost of an acceptable non-infringing alternative to the patented design would likely be minimal, limiting the amount Incase would have agreed to pay for a license in any "hypothetical negotiation"; and
- A reasonable royalty rate would be between 1.0% and 2.0% of revenue for the sale of the accused laptop cover, at best.

8. **Status of discovery:**

As noted above, Techshell served its first set of written discovery on the Best Buy Defendants on July 8, 2011, while the case was pending in Florida. Techshell also noticed the Rule 30(b)(6) depositions of the Best Buy Defendants on July 11, 2011, also while the case was pending in Florida. After the case was transferred to California, Techshell re-served its first set of written discovery on the Best Buy Defendants on January 11, 2012. Techshell served its first set of written discovery on Incase on January 6, 2012 and its second set of written discovery on Incase on January 11, 2012. Techshell also re-noticed the Rule 30(b)(6) depositions of the Best



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

Buy Defendants and noticed the Rule 30(b)6) deposition of Incase.

The Best Buy Defendants served a first set of written discovery on Techshell on July 13, 2011, and served an additional third-party subpoena on August 2, 2011. Any additional discovery for the Best Buy Defendants may depend on the Court's decision as to whether or not to stay proceedings against them, pending the resolution of Incase's liability.

Incase served a first round of written discovery (interrogatories, requests for admissions, and document requests) on December 19, 2011, and Techshell served written responses and an initial production of approximately 12,000 pages on January 23, 2012. Techshell continues to review and bates-label responsive documents and will promptly produce the remaining documents on a rolling basis. Having reviewed Techshell's written responses, Incase now anticipates filing a motion to compel in short order.

Incase anticipates that, in addition to responses to written discovery, it will need at least the depositions of the inventor for the patents-in-suit and Techshell's single other employee, a companion 30(b)(6) deposition of the Techshell, and a deposition of the attorney who prosecuted the Patents-in- Suit.

Incase will also need third-party discovery, including depositions on issues relating to patent marking and the prior art. This will include a number of in-state depositions, including discovery from Speck Product Design in Palo Alto, California, the manufacturer of a prior art "snap-on" cell phone cover, and prior art developer Hard Candy / Tim Hickman in Walnut Creek, California, and may also include the potential out-of-state deposition of Dell Computers, the manufacturer of a prior art "snap-on" plastic laptop cover to authenticate documents produced in response to a third-party subpoena. Incase has already served third-party subpoenas requesting the production of documents on Dell Computers in Round Rock, Texas and Mark Terry in Miami, Florida. The Best Buy Defendants have already served a subpoena requesting documents on Speck Product Design in Palo Alto, California. .

Incase may also need extensive discovery from Techshell relating to settlement agreements with defendants from other ligation involving the same Patents-in-Suit if Techshell asserts that licenses granted therein are relevant to determining a reasonable royalty rate. Incase



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

believes that such discovery will show that such licenses were made-for-litigation constructs, containing statements of compensation and royalty rates that have not and are not being paid, or not being paid in commercially relevant volumes, and thus will seek evidence to prove that they should be excluded from consideration as more prejudicial than probative under Fed. R. Evid. 403.

9. **Procedural history of the case including a list of previous motions decided, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge, including the purpose of the reference:**

As noted, Techshell originally brought suit against Incase and the Best Buy Defendants in separate actions. Incase filed a motion to consolidate the two cases on July 18, 2011. Judge Rodgers, District Court Judge for the Northern District of Florida, granted this motion on September 2, 2011. *See* Dkt. Entry No. 17.

Incase filed a motion to transfer venue from Northern District of Florida to the Northern District of California on June 1, 2011. The Best Buy Defendants filed a motion to transfer venue from Northern District of Florida to the Northern District of California on June 22, 2011. Judge Rodgers granted these motions on September 7, 2011, and transferred the consolidated case to this district. *See* Dkt. Entry No. 23.

Before the case was transferred, the Florida Court entered a Protective Order of Confidentiality which was jointly submitted by Techshell, Incase, and the Best Buy Defendants. The Court entered this Protective Order on September 2, 2011. *See* Dkt. Entry No. 23. The parties stipulate that this protective order applies to this consolidated action, and no additional protective order needs to be proposed to and or adopted by this Court.

Also before the transfer, the Parties engaged in a one-day private mediation, but were not able to settle their dispute. The mediator officially reported to the court that mediation ended with an “impasse.” *See* Dkt. Entry No. 16. Given the large gap between the Parties’ respective valuations of the case (*see* section 7, above), Techshell does not believe that any additional ADR procedures would be fruitful at this point in time.

On January 3, 2012, Techshell filed a Motion to Retransfer this case back to the Northern



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

District of Florida. *See* Dkt. Entry No. 40. Techshell also filed a motion to stay this case pending this Court's ruling on Techshell's motion to retransfer. Both motions have been fully briefed by the parties (*see* section 4, above).

Finally, the patents-in-suit are currently the subject of a Reexamination that was initiated by Incase before the United States Patent & Trademark Office. On September 16, 2011, Incase filed a Request for Reexamination of each one of the two patents-in-suit. On December 13, 2011, both reexamination requests were granted in part. As a result, claims 1-8, 16, and 18-20 of U.S. Patent No. 7,643,274 are presently being reexamined. Incase's Request for Reexamination was denied with respect to claims 9-15 and 17. Similarly, claims 1-8 and 26-39 of U.S. Patent No. 7,907,400 are presently being reexamined. Incase's Request for Reexamination was denied with respect to claims 9-25 and 40-53. Incase filed a petition to the USPTO's Board of Appeals on January 13, 2012, seeking reconsideration of the examiner's decision to not grant reexamination of some claims. Techshell's responses to the Patent Office's two office actions were filed on January 18, 2012.

10. **If there is an immediate need for a case management conference to be scheduled in the action:**

The parties do not believe that there is an immediate need for a case management conference to be scheduled in this action.



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111

Dated: January 27, 2012

Respectfully Submitted,

LOGAN, JOLLY, & SMITH, L.L.P.

*/s/Rick Sizemore*

Michael T. Smith
Richard L. Sizemore
LOGAN, JOLLY, & SMITH, L.L.P.
1805 North Boulevard
Anderson, S.C. 29621
Telephone: (864) 226-1910
Email: msmith@loganjollysmith.com
Email: sizemore@loganjollysmith.com

C. Todd Norris, SBN 181337
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile . 415.352.2701
E-mail: todd.norris@bullivant.com

Stephen R. Risley
SMITH RISLEY TEMPEL SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: 770-709-0022
Email: srisley@srtslaw.com

Attorneys for Plaintiff and Counter-Defendant Techshell Inc.

Dated: January 27, 2012

Respectfully Submitted,

MITCHELL + COMPANY, LAW OFFICES

/s/ *Brian E. Mitchell*

Brian E. Mitchell
Jigang Jin
MITCHELL + COMPANY, LAW OFFICES
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3515
Facsimile: (415) 402-0058
Email: brian.mitchel@mcolawoffices.com

Brandon Baum (SBN 121318)
BAUM LEGAL
149 Commonwealth Drive
Menlo Park, CA 94025
Phone: (650) 924-1032
Fax: (650) 561-8410 brandon@baumlegal.com

Attorneys for Defendants and Counterclaimants Incase Designs, Inc., Best Buy Company Inc., BestBuy.com LLC and Best Buy Stores LP

**ATTESTATION OF CONCURRENCE**

I, Brian E. Mitchell, hereby attest that I am one of the attorneys for Defendants, and, as the ECF user and filer of this document, I attest that, pursuant to General Order No. 45(X)(B), concurrence in the filing of this document has been obtained from the above signatory.

Dated: January 27, 2012 By: ___________________________



Mitchell + Company
4 Embarcadero Ctr.
Suite 1400
San Francisco, CA 94111