1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8    TECHSHELL, INC.,                        Case No.: C-11-04576-YGR

9             Plaintiff,                      **ORDER DENYING PLAINTIFF'S MOTION TO
                                              TRANSFER VENUE AND DENYING PLAINTIFF'S**
10        vs.                                 **MOTION TO STAY AS MOOT**

11   INCASE DESIGNS CORP., et al.,

12            Defendants.

13

14        On January 3, 2012, Plaintiff Techshell, Inc. filed a Motion to Transfer Venue of this patent

15   infringement action to the Northern District of Florida ("Motion to Transfer"), and a Motion to Stay

16   Pending Resolution of Plaintiff's Motion to Transfer Venue, or Alternative Motion for an Extension

17   of Time ("Motion to Stay"). Dkt. Nos. 40 & 43, respectively. Plaintiff initially filed separate actions

18   against Defendant Incase Designs Corp. ("Incase") and Defendants Best Buy Company Inc.,

19   Bestbuy.com LLC, and Best Buy Stores LP (collectively, "Best Buy") (hereinafter referring to

20   defendants collectively as "Defendants"), but these actions were ultimately consolidated into one

21   action that was transferred to this Court. The Motion to Transfer is made on the grounds that: (1)

22   Plaintiff was not afforded the opportunity to consider or pursue any appellate options on the Florida

23   District Court's transfer order to the Northern District of California; and (2) circumstances have

24   changed and new evidence has surfaced such that maintaining the case in California frustrates the

25   purpose of the initial transfer. Dkt. No. 40 ("Mot.") at 1. The Motion to Stay seeks to stay this action

26   while the Motion to Transfer is pending or for an extension of certain deadlines under the Local

27   Patent Rules. Dkt. No. 43 at 2.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Having carefully considered the papers submitted and the pleadings in this action, and for the

2  reasons set forth below, the Court hereby DENIES Plaintiff's Motion to Transfer without prejudice to

3  Plaintiff filing a new motion to transfer if circumstances arise that justify such a motion.[1]  The Court

4  further DENIES the Motion to Stay as moot.

5  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

6    This consolidated patent infringement action was originally filed in the Pensacola Division of

7  the Northern District of Florida, which is Plaintiff's home venue.  Dkt. Nos. 1 ("Incase Compl.") & 18

8  ("Best Buy Compl.").  Plaintiff alleges that Incase and Best Buy infringe on two patents, U.S. Patent

9  Nos. 7,643,274 and 7,907,400 ("Patents-in-Suit"), which involve protective covers for laptop

10 computers.  Incase's allegedly infringing conduct includes the manufacture, use, importation, sale,

11 and/or offer of sale of the protective covers.  Incase Compl. ¶¶ 12 & 30.  Best Buy's alleged conduct

12 includes the sale, use, and/or offer of sale of the protective covers.  Best Buy Compl. ¶¶ 32 & 51.

13    Incase and Best Buy separately moved to transfer their actions to the Northern District of

14 California.  Dkt. Nos. 7 & 20.  On September 7, 2011, the Florida District Court granted those

15 motions.  Dkt. No. 23 ("Transfer Order").  That Court stated that it would not "light[ly] disregard"

16 Plaintiff's choice in forum, but that:

17          . . . considering all relevant factors, including those significant to the center of gravity
            of the case, the court concludes that the plaintiff's choice in forum is clearly
18          outweighed by other considerations in this case.  Significantly, the majority of
            operative facts relative to the patent infringement claims at issue occurred in
19          California, where the defendant's business is located and consequently where the
            infringing product was designed and developed, and the marketing and sales
20          decisions were made. . . . Because the court finds that the research, design,
            development and marketing and sales decisions for Incase's allegedly infringing
21          product, which will be the focus of this patent infringement case, took place in
            California, this factor favors transfer.
22

23 *Id.* at 5–6.

24    In examining the convenience of witnesses and the availability of the compulsory process, the

25 Court noted that each side had four or five non-party witnesses, whose convenience should be given

26 more weight than party witnesses.  *Id.* at 7.  In this case, the Florida District Court found that "all of

27

28 [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these
   motions, which have been noticed for hearing on March 6, 2012, are appropriate for decision without oral
   argument.  Accordingly, the Court VACATES the hearing set for March 6, 2012.

United States District Court
Northern District of California

1    the witnesses that will be significant to the substantive patent infringement issues of design,

2    development and sales decisions regarding the allegedly infringing product are located in California,"

3    and thus these factors favored transfer. *Id.* at 8.  The same was true for the factor of the location of

4    documents and other sources of proof: "[w]hile documents relevant to the existence and validity of the

5    plaintiff's patents are located in Florida, evidence probative of the design, manufacture and marketing

6    decisions of Incase's allegedly infringing product are located in the Northern District of California."

7    *Id.*  On balance, and while other factors may have been neutral or in Plaintiff's favor, the Florida

8    District Court held that the totality of these circumstances outweighed Plaintiff's choice of forum and

9    transferred the case.

10           Plaintiff filed the instant Motion to Transfer on January 3, 2012.  Plaintiff complains that on

11   September 7, 2011, the Florida District Court Clerk closed the case file within seven minutes of the

12   Transfer Order being issued and immediately transferred the case to the Northern District of

13   California.  Mot. at 2.  By the time Plaintiff and its attorneys reviewed the Transfer Order, the case

14   file was already closed, which "divested the Florida court of jurisdiction to reconsider the ruling or

15   permit an appeal."  *Id.*  Plaintiff contends it was "prevented [] from exercising its right to file (1) a

16   motion to briefly stay the transfer so that [it] could review the decision and evaluate its appellate

17   options; (2) a motion to reconsider the Order granting the transfer; (3) request for certification to

18   immediately appeal the decision; or (4) a petition for mandamus."  *Id.* at 2–3.  This puts Plaintiff in a

19   "procedural quandary" because this Court cannot directly review the Transfer Order made by the

20   Florida District Court, and the Florida District Court has no jurisdiction over the case anymore.  Mot.

21   at 2–3 & 5–6.  Because it was not given the opportunity to petition for mandamus or otherwise appeal,

22   Plaintiff asks this Court to retransfer the case back to the Florida District Court so that it may now

23   seek one of those options.

24           Alternatively, Plaintiff argues that retransfer is necessary because Defendants have "modified

25   their [case and discovery] strategy" since the case was transferred, and now intend to seek discovery

26   from various third-party witnesses in Georgia, North Carolina, Florida, and Texas.  *Id.* at 3.  Plaintiff

27   further claims that since the Transfer Order, Incase has sought reexamination of the Patents-in-Suit

28   *and* four additional patents that are "allegedly relevant to the validity of the patents-in-suit."  *Id.* at 4.

3

United States District Court
Northern District of California

1    Plaintiff contends that because these patents were developed by third parties not located in California,

2    Incase is necessarily seeking discovery from the companies holding the patents, which must occur in

3    their home states of Texas and Illinois. *Id.* Taken together, Plaintiff asserts that Defendants' strategy

4    was not known to the Florida District Court when it issued the Transfer Order, that it "frustrate[s] the

5    purpose" of transfer, and must now be considered by this Court. *Id.* at 3. Plaintiff additionally argues

6    that this Court must consider the fact that it has filed three additional cases involving the Patents-in-

7    Suit in the Northern District of Florida because transfer will promote judicial economy and alleviate

8    this Court's docket congestion. *Id.* at 4–5.

9          In their Opposition, filed on January 17, 2012, Defendants argue—as to Plaintiff's inability to

10   appeal or petition for mandamus—that Plaintiff did have the opportunity to appeal the Transfer Order

11   to the Federal Circuit, but chose not to. Dkt. No. 49 ("Opp.") at 6–7 & n.3 (further arguing Plaintiff

12   would not have been granted reconsideration). With regard to the "new" or "changed" circumstances,

13   Defendants contend that Plaintiff is overestimating the number of witnesses and places the parties

14   must travel to take discovery. *Id.* at 9. Defendants state they do not seek nationwide, scorched-earth

15   discovery in this action. *Id.* at 9 & 11. Further, Defendants contend that the three new cases in

16   Florida have no relationship to the parties or case at hand, and that those cases are not likely to

17   proceed far in litigation. *Id.* at 10.

18         Plaintiff filed its Reply in Support of the Motion to Retransfer on January 24, 2012. Dkt. No.

19   53 ("Reply"). Plaintiff makes the same substantive arguments as it did in the Motion itself, but it

20   couches its argument in terms of undisputed facts—namely, that it is undisputed that it was not

21   afforded the opportunity to exhaust all possible appellate remedies, and that the Florida District Court

22   did not consider the newly revealed evidence that Plaintiff has identified.   Reply at 2–4.

23   **II.     DISCUSSION**

24         **A.     Plaintiff's Delay in Seeking Retransfer to Pursue Its Appellate Options Was
               Excessive, and It Has Cited No Authority that this Court Must Now Retransfer to
25             Allow Plaintiff to Pursue Those Options.**

26         Before addressing Plaintiff's arguments that retransfer is necessary to allow it to exhaust its

27   appellate remedies, the Court recognizes that this is a procedurally unique situation. An order

28   granting or denying a motion to transfer venue under 28 U.S.C. section 1404(a) is interlocutory in

4

United States District Court

Northern District of California

1  character and not immediately appealable.  15 C. Wright & A. Miller, *et al.* ("Wright & Miller"),

2  Federal Practice and Procedure § 3855 (3d ed. 2011).  However, parties may seek certification from

3  the district court or seek review of the order by writ of mandamus.  *Id.*  In this case, Plaintiff contends

4  it was unable to seek these options because the case transfer occurred within seven minutes of the

5  Transfer Order.

6       While Plaintiff argues it was unable to "evaluate its appellate options" prior to the case

7  transfer, it waited almost four months before filing this Motion to Transfer.  The Court sees no reason

8  based on the record in this action explaining the delay.  To the extent that Plaintiff seeks to be

9  retransferred in order to pursue its appellate options in the Florida District Court, the Court believes

10  Plaintiff's delay was excessive.[2]  *Cf. NBS Imaging Sys., Inc. v. United States District Court for the*

11  *Eastern District of Cal.*, 841 F.2d 297, 298 (9th Cir. 1988) (party acted without diligence where it

12  waited until after the case had been docketed in the transferee district before seeking mandamus).

13       It is true that various districts have codified a practice in their local rules staying transfer

14  orders for a period of time to allow a party to seek appellate review.  15 Wright & Miller, Federal

15  Practice and Procedure § 3846 (3d ed. 2011).  However, the Northern District of Florida has no such

16  practice.  To the extent that Plaintiff's Motion to Transfer seeks for this Court to find implicitly an

17  error in the Florida District Court's procedures, this Court declines to do so.  Moreover, Plaintiff has

18  not cited—nor has the Court found—*any authority* suggesting that the Court *must* transfer this case

19  back to the Florida District Court because it was deprived of the opportunity to seek a brief stay to

20  "evaluate its appellate options" or to pursue any of those options.  Mot. at 2–3 & 5–6.  While one

21  district court in the Eastern District of California has identified a "concern" over allowing a party

22  sufficient time to respond to a transfer order, that court (as Plaintiff notes) did not further address this

23  issue.  Mot. at 6 (quoting *Pacific Coast Marine Windshields v. Malibu Boats*, No. 1:11-cv-01594-

24

25  [2] Plaintiff implicitly concedes that it could have—but did not—seek mandamus from the Federal Circuit.
   Reply at 3–4.  Specifically, in response to the fact that direct appeal of the Transfer Order was not made to the

26  Federal Circuit, Plaintiff states that "[w]hile this may be true, the Federal Circuit will necessarily apply the law
   of the Circuit from which the case was appealed[.] . . . As a result, any appeal made to the Federal Circuit *after*

27  the case was closed and transferred would be subject to the procedural law of the Ninth Circuit, which
   specifically prohibits direct appellate review of a case transferred from another jurisdiction."  *Id.*

28  Notwithstanding the foregoing, Plaintiff still could have filed its Motion to Transfer in this Court in a more
   timely manner.

5

United States District Court

Northern District of California

1  LJO-BAM, 2011 WL 6046308, at \*2 n.3 (E.D. Cal. Dec. 5, 2011) ("Technically, the district court

2  should have allowed the parties time to seek certification or file a mandamus petition before

3  physically transferring the record and divesting the court of jurisdiction over the appeal.")).

4     Finally, the Court notes that Plaintiff is not without recourse.  In *Posnanski v. Gibney*, 421

5  F.3d 977, 980 (9th Cir. 2005), the Ninth Circuit held that "we may not review a transfer under 28

6  U.S.C. § 1404 by a district court outside of our circuit to a district court within our circuit."  While

7  noting that the remedy for disagreeing with a transfer typically "lies in the circuit of the transferor

8  court," the Ninth Circuit further stated that "a party . . . is not without any recourse.  He may move in

9  the transferee court to re-transfer the action to the transferor court and the denial of that motion is

10  reviewable in the transferee circuit."  *Id.* at 980–81.  As part of its Motion to Transfer, Plaintiff has

11  moved on the grounds that there are new evidence and changed circumstances that warrant transfer.

12  The Court now addresses that issue.

### B.  The Circumstances Have Not Changed Such That the Purpose of the Transfer Order Is Frustrated.

13

14

15     As Plaintiff has stated, the fact that an action has been transferred once does not preclude the

16  transferee court from entertaining a subsequent motion to transfer.  Mot. at 7; *The Computer Center, Inc. v. United States District Court for the Northern District of California*, No. C-90-0902-MHP,

17  1991 U.S. Dist. LEXIS 6631, at \*1 (N.D. Cal. May 3, 1991) (citing *Hoffman v. Blaski*, 363 U.S. 335,

18  340 n.9 (1960)).  "A motion to transfer is perfectly appropriate . . . on a showing of changed

19  circumstances, particularly when they frustrate the purpose of the change of venue."  Federal Practice

20  and Procedure § 3846; *Ametek, Inc. v. Hewlett-Packard Co.*, No. C-90-20278-DLJ, 1990 WL

21  10072473, at \*1 (N.D. Cal. July 10, 1990) (transferee court is not powerless to act where the original

22  purposes of the transfer have been frustrated by an unforeseeable later event).  "The transferee district

23  should not retransfer "except under the most impelling and unusual circumstance."  *Ametek*, 1990 WL

24  10072473, at \*1 (quoting *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961)).

25     While this Court will not review the Florida District Court's Transfer Order itself, it will

26  evaluate whether circumstances have changed such that the purpose of the Transfer Order has been

27  frustrated.  *Posnanski*, 421 F.3d at 980; *Ametek*, 1990 WL 10072473, at \*1; *The Computer Center,*

28

United States District Court
Northern District of California

1   *Inc.*, 1991 U.S. Dist. LEXIS 6631, at \*5 (court did "not question the *propriety* of the initial ruling to

2   transfer plaintiff's action," but instead examined whether dismissal of claims "ha[d] substantially

3   changed the nature of the case").  The Court finds that, at this time, the nature of the case has not

4   significantly changed such that the purpose of the Transfer Order has been frustrated.

5          The Transfer Order found it significant that "the majority of operative facts relative to the

6   patent infringement claims at issue occurred in California, where the defendant's business is located

7   and consequently where the infringing product was designed and developed, and the marketing and

8   sales decisions were made."  Transfer Order at 6.  The Florida District Court also noted that Incase

9   had identified specific witnesses who would testify regarding its product design, development, and

10  marketing, in addition to non-party witnesses who would testify regarding prior art in California.  *Id.*

11  at 7.  In addition, documents probative of the design, manufacture, and marketing decisions of the

12  allegedly infringing product are in California.  *Id.* at 8.

13         Plaintiff argues that it is no longer necessary to use the previously-identified party witnesses in

14  this action because only issues remaining in the case are damages issues.  Mot. at 10–11.  Defendants

15  dispute this and contend that infringement, patent validity, damages, and other issues are in play.

16  Opp. at 7–8.  Further, Defendants state that Plaintiff has overestimated the number of third-party

17  witnesses and simply concluded that Defendants will seek nationwide, scorched-earth discovery.  *Id.*

18  at 9.  While it appears Incase has served subpoenas on third-parties in Florida and Texas, the Court

19  finds it is premature to evaluate the scope of discovery that will occur in this action and whether the

20  convenience of third-party witnesses should become a deciding factor on transfer, *particularly* in light

21  of the Transfer Order's heavy reliance on the fact that the witnesses and documents regarding Incase's

22  research, design, development, marketing, and sales decisions are in California.  Transfer Order at 5–

23  8. At this time, the Court does not believe that *these circumstances* have changed.[3]

24         With regard to Plaintiff's arguments regarding judicial efficiency and docket congestion, the

25  progress of his action will be hampered by another transfer.  While there may be trial dates and/or

26  discovery cut-offs in 2012 in Plaintiff's three other patent actions, this does not necessarily mean that

27

28  [3] The Florida District Court decided to focus on the transfer arguments presented by Incase because the claims against Best Buy are "completely derivative" on the success of the claims against Incase.  Transfer Order at 2 n.1.  This Court does not find that those circumstances have changed.

7

United States District Court
Northern District of California

1   this action will proceed on such a quick schedule in that district.  The Court also notes that the three

2   Florida actions have not been related or consolidated, nor is there any indication that this action would

3   be related or consolidated to any of those actions.  Based on the record before the Court, the

4   circumstances have not changed such that a possible judicial efficiency outweighs the grounds for

5   transfer identified in the Transfer Order or otherwise frustrates its purpose.

6   **III.      CONCLUSION**

7          For the foregoing reasons, Plaintiff's Motion to Transfer Venue is **DENIED WITHOUT**

8   **PREJUDICE** to Plaintiff making a new motion to transfer if circumstances arise that justify such a

9   motion.  Plaintiff's Motion to Stay pending the Motion to Transfer Venue is **DENIED** as moot.  This

10  Order terminates Dkt. Nos. 40 & 43.

11         **IT IS SO ORDERED.**

12

13  Dated: March 2, 2012                              _____

          **YVONNE GONZALEZ ROGERS**

14          **UNITED STATES DISTRICT COURT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8